# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19 CV 1

| | |
|---|---|
| CHERYL ANN HANLY and SHENNA F. SHOTWELL, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| | ) |
| DRV, LLC and TOM JOHNSON CAMPING CENTER, INC., | ) ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Transfer Venue (Doc. 8). The issues have been fully briefed, and the matter is ripe for ruling. For the reasons set forth below, the Motion is denied.

## I.    Relevant Procedural Background

On November 27, 2018, Plaintiffs filed their Complaint in the Superior Court Division of the General Court of Justice of Buncombe County, North Carolina. See Not. Rem. (Doc. 1-1).

Defendants removed the case on January 2, 2019 based on federal question jurisdiction, and subsequently, on January 18, 2019, filed the instant Motion to Transfer Venue (Doc. 8) and a supporting memorandum (Doc. 9).

Plaintiffs filed a response (Doc. 13) and memorandum (Doc. 14) in opposition on January 31, 2019.

Defendants have not filed a reply.

## II. Factual Background

A summary of the facts, as set forth in Plaintiffs' Complaint (Doc. 1-1), is as follows:

On or about December 10, 2016, Plaintiffs entered into a contract with Tom Johnson Camping Center, Inc. ("Camping Center") to purchase a fifth wheel towable recreational vehicle ("Trailer") that had been manufactured and distributed by DRV, LLC ("DRV"). Compl. ¶ 6.

The total price for the Trailer was $114,802.57; Plaintiffs paid $20,000 in cash when the purchase and sale agreement were signed and financed the remaining $94,802.57. Id. ¶ 7.

DRV provided certain limited warranties for the Trailer. Id. ¶ 8.

Plaintiffs took possession of the Trailer in December 2016 and, shortly thereafter, begin experiencing numerous problems with it. Id. ¶ 9.

Between December of 2016 and February of 2017, Plaintiffs had many conversations with Defendants' representatives regarding problems and defects with the Trailer. Id. ¶ 10.

On or about February 21, 2017, pursuant to an agreement with Defendants, Plaintiffs brought the Trailer back to the Camping Center to be serviced under the warranties. Id. ¶ 11.

In September of 2017, Plaintiffs again returned the Trailer to the Camping Center for warranty repairs and parts. Id. ¶ 14. Four weeks later, parts that were needed had not arrived from DRV. Id.

In January of 2018, following additional communications with Defendants, Plaintiffs returned the Trailer to the Camping Center for still more warranty service. Id. ¶ 16.

By November 2018 when the Complaint was filed, the Camping Center had completed some repairs. Id. ¶ 18. Plaintiffs allege, though, that those repairs were not made in a workmanlike manner, and that Defendants had failed and refused to fully and properly make all necessary repairs to the Trailer. Id.

From the time they took possession of the Trailer until the filing of their Complaint, Plaintiffs had been without the use and possession of the Trailer for approximately 97 days. Id. ¶ 22.

Plaintiffs have asserted the following claims: (1) breach of warranty by DRV (Magnuson Moss Warranty Act); (2) breach of express warranty by DRV; (3) breach of implied warranty of merchantability by Defendants; and (4) breach of implied warranty of fitness for a particular purpose by Defendants.

### III. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred for the convenience of the parties and witnesses, and in the interest of justice, to any district or division where the matter might have been brought. Decisions concerning transfer are made in the court's discretion. See Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 80 (4th Cir. 1967).

The moving party bears the burden of persuasion in the context of a motion to transfer. See Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07CV184, 2008 WL 394991, at *3 (W.D.N.C. Feb. 11, 2008). In this regard, the movant must show "(1) more

than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989) (quotation omitted and alteration added).

The following factors are reviewed when a motion to transfer is considered:

(1) The plaintiff's initial choice of forum;

(2) The residence of the parties;

(3) The relative ease of access of proof;

(4) The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

(5) The possibility of a view;

(6) The enforceability of a judgment, if obtained;

(7) The relative advantages and obstacles to a fair trial;

(8) Other practical problems that make a trial easy, expeditious, and inexpensive;

(9) The administrative difficulties of court congestion;

(10) The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

(11) The avoidance of unnecessary problems with conflict of laws.

Wiener v. AXA Equitable Life Ins. Co. LLC, No. 3:18-CV-106-RJC-DSC, 2018 WL 3398161, at *2 (W.D.N.C. July 12, 2018) (citing Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990)). These factors are weighed in a qualitative, not quantitative, fashion. Crockett, 751 F. Supp. at 96.

## IV. Discussion

As the parties' briefing primarily relies upon factors 1, 2, 3, 5 and 8, those factors are addressed in turn.

### A. Factor 1: Plaintiffs' initial choice of forum.

A plaintiff's choice of forum is entitled to "great deference." Sweeney v. Pennsylvania Nat. Mut. Cas. Ins. Co., No. 1:05CV00931, 2007 WL 496699, at *4 (M.D.N.C. Feb. 13, 2007). That deference is diminished, however, when "(1) the plaintiff chooses a foreign forum, or (2) the cause of action bears little or no relation to the chosen forum." Speed Trac Technologies, Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 803 (M.D.N.C. 2008).

Here, Defendants argue that the weight given to Plaintiffs' choice of forum should be reduced because: 1) Plaintiffs live in Granville County, which is over 240 miles east of Buncombe County, and neither Defendant resides or maintains a place of business in Buncombe County, 2) none of the "key operative events" occurred in Buncombe County and that the only relationship between this case and Buncombe County is that Plaintiffs' counsel is located there, and 3) if the case had remained in state court, it would have been eligible for transfer to Granville County. Defs.' Mem. (Doc. 9) at 4.

The authority on which Defendants principally rely in support of this argument, Speed Trac Technologies Inc. v. Estes Express Lines Inc., 567 F. Supp. 2d 799 (M.D.N.C. 2008), though, cuts against Defendants' position. In finding that the plaintiff had filed its complaint in a foreign forum, the court referenced "the Superior Court of Forsyth County, North Carolina (and, once removed to federal court, the Middle District)," and went on to

5

say that the "record fails to demonstrate that Plaintiff conducts any business whatsoever in the Middle District, nor does Plaintiff offer any reason for choosing Forsyth County—and consequently by removal, this District—as its venue." Id. at 803 (emphasis added). Similarly, the court stated that "the key operative events appear to have occurred . . . outside the Middle District." Id. (emphasis added). Ultimately, the court concluded that "the causes of action lack[ed] virtually any discernable connection to the Middle District—other than Plaintiff's retention of Winston–Salem counsel. . ." Id. at 804. (emphasis added).

The record in the instant matter indicates that this case has significant connections to the Western District. Though Defendants may not maintain a place of business in *Buncombe County*, the Camping Center operates a dealership in McDowell County, which is adjacent to Buncombe County and within the Western District. Further, according to the Complaint, Plaintiffs purchased the Trailer, which had been manufactured and distributed by DRV, from this dealership and later brought the Trailer back to the Camping Center to be serviced in February 2017, September 2017, and January 2018.

This factor weighs heavily against transfer.

### B. Factor 2: The residence of the parties.

Plaintiffs are residents of Granville County, North Carolina, Compl. (Doc. 1-1) ¶ 1, which is located within the Eastern District.

The Camping Center is a North Carolina corporation that operates a dealership in McDowell County and has its principal office in Illinois. Id. ¶ 3; Defs.' Mem. (Doc. 9) at 2, 5. DRV is alleged to be an Indiana limited liability company with an office and place of business in Indiana. Compl. ¶ 2; Defs.' Mem. (Doc. 9) at 5. However, Defendants appear

6

to lack significant connections to the Eastern District.

This factor is neutral.

C.   **Factor 3:  The relative ease of access to proof.**

Under this factor, the court is required "to weigh the convenience to witnesses and access to proof in litigating in either venue."  Newbauer v. Jackson Hewitt Tax Service Inc., No. 2:18CV679, 2:19CV37, 2:19CV44, 2:19CV49, 2019 WL 1398172, at *12 (E.D. Va. Mar. 28, 2019).

The record indicates that the Trailer is in Granville County, where it serves as Plaintiffs' residence.  Defs.' Mem. (Doc. 9) at 5.  Given that the Trailer cannot be used in a safe and secure manner, Compl. ¶ 27, any inspection would need to take place in the Eastern District, unless the Trailer is made safe for travel.

Defendants contend that, notwithstanding the Camping Center's operation of a dealership in McDowell County, any records or documents concerning service of the Trailer by Defendants would be "processed through" Defendants' offices in Illinois and/or Indiana and sent to their counsel in the Eastern District. Defs.' Mem. (Doc. 9) at 5.  It is not clear whether Defendants mean that there are no documents regarding the Trailer at the dealership in McDowell County, or that, if such documents do exist there, they would nonetheless be sent through Defendants' home offices en route to counsel. Under either interpretation, though, none of Defendants' documents appear to be located in the Eastern District.

Similarly, Defendants state that their corporate representatives are located outside of North Carolina. Defs.' Mem. (Doc. 9) at 5.  However, as Plaintiffs point out, the

7

witnesses who would likely be the most knowledgeable about the Trailer's sale and warranty work would be persons associated with the Camping Center dealership in McDowell County, provided they have not moved away or passed away. Pl.'s Mem. (Doc. 14) at 5. Defendants have not provided any information regarding such witnesses.

This factor is neutral, or weighs slightly against transfer.

### D. Factor 5: The possibility of a view.

Defendants argue that any view of the Trailer would have to take place in Granville County, where the Trailer is located. Defs.' Mem. (Doc. 9) at 5. This point is correct since, as noted above, the Trailer currently appears to be unsafe for travel. It is not apparent, though, why a jury view would be required and why the use of video and static images would not suffice for trial purposes.

This factor weighs against transfer.

### E. Factor 8: Other practical problems that make a trial easy, expeditious, and inexpensive.

Defendants argue that transferring the case to the Eastern District would reduce the time and expense of travel for both parties and witnesses, including Defendants' out-of-state corporate representatives who would find it less expensive to travel in and out of Raleigh as opposed to Asheville, and that Plaintiffs would be subjected to a greater burden if the case remains in the Western District. Defs.' Mem. (Doc. 9) at 6.

Plaintiffs, however, do not object to the case being in the Western District and note that they came to McDowell County to negotiate for and purchase the Trailer, and to return to have it serviced at the Camping Center. Pl.'s Mem. (Doc. 14) at 4.

As for travel costs, Defendants have not quantified the increased costs they believe they would bear if the case were to remain in the Western District, but even if some increased travel costs are assumed, Defendants have not identified how many representatives would be required to travel to North Carolina. Similarly, they have not discussed how many witnesses associated with the dealership in McDowell County would need to travel to the Eastern District if the case were transferred.

This factor weighs against transfer.

**F.     Remaining Factors**

Defendants contend that the remaining factors are either inapplicable or outweighed by the factors discussed above. Defs.' Mem. (Doc. 9) at 6. The Court concurs. See Magidson v. Wachovia Bank, NA, No. 1:07CV505, 2007 WL 4592230, at *2 (M.D.N.C. Dec. 27, 2007) (concluding that many transfer factors were not relevant to motion seeking transfer from Middle District to Western District).

**V.     Conclusion**

Having carefully conducted a qualitative analysis of the relevant factors and bearing in mind that "litigation should take place in the federal judicial district or division with the closest relationship to the operative events," Trivette v. Walmart Stores, Inc., No. 3:17-CV-00560-FDW-DCK, 2017 WL 5179533, at *3 (W.D.N.C. Nov. 8, 2017) (quoting M-Tek Kiosk, Inc. v. Gosnell, No. 3:14-CV-609,-RJC-DCK, 2015 WL 5796830, at *9 (W.D.N.C. Oct. 2, 2015)), the Court concludes that transfer is not warranted.

9

Therefore, Defendants' Motion to Transfer Venue (Doc. 8) is **DENIED**.

In addition, the parties are **DIRECTED** to conduct an initial attorneys' conference pursuant to LCvR 16.1 within fourteen (14) days from the date of this Order.

Signed: May 24, 2019

W. Carleton Metcalf
United States Magistrate Judge